UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES IRVIN REDBROOK,

Petitioner,

v. Case No. 8:26-cv-2409-JLB-SPF

WARDEN, FALKENBURG ROAD JAIL,

Respondent.

_______________________________________/

**ORDER DISMISSING CASE**

James Irvin Redbrook, a Florida pretrial detainee, initiated this action by filing a *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus. (Doc. 1) He is in Florida state custody, awaiting trial on a Florida state charge. Specifically, Mr. Redbrook is detained in the Faulkenburg Road Jail, where he awaits trial on a Florida state felony charge of resisting an officer with violence and related charges. *State v. Redbrook*, Case No. 25-CF-007005-A (Fla. 13th Jud. Cir.).

Mr. Redbrook asserts that he is receiving inadequate medical care, officers and other inmates are assaulting him, and his defense counsel is ineffective. (Doc. 1 at 7–8). As relief, he requests dismissal of his criminal charges or release from detainment. (*Id*. at 8).

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper mechanism for challenging pre-trial detention. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.") (citation omitted). And a complaint about a detainee's conditions of confinement is cognizable in a civil rights complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (Section 1983 is the appropriate avenue of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). These two types of claims cannot be pursued in a single action. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[A] petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . are mutually exclusive[.]") (quotation omitted).

If Mr. Redbrook intends to challenge his detainment, he may file a section 2241 petition after he exhausts his state court remedies. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding "that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."). If Mr. Redbrook intends to complain about the conditions of his confinement, he may file a civil rights action under 42 U.S.C. § 1983.

Accordingly, the petition (Doc. 1) is **DISMISSED** without prejudice to Mr. Redbrook seeking relief in a habeas action after exhausting his remedies in state court and filing a separate civil rights action under 42 U.S.C. § 1983. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED in Tampa, Florida, on August 21, 2026.**

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE